UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00337-FDW

| KAREEM LOCKE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| GEORGE SOLOMON, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff Kareem Locke's pro se civil Complaint, filed pursuant to 42 U.S.C. § 1983.

I. **BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina. According to the Complaint, on August 3, 2009, Plaintiff was placed on a Department of Public Safety "Watch List" for suspected gang membership and affiliation. (Compl. 7, Doc. No. 1.) On December 11, 2015, Plaintiff was informed by Defendant Daniel Hatley, identified as a Security Risk Group ("SRG") Officer at Brown Creek Correctional Institution ("BCCI"), that he was going to recommend Plaintiff be taken off the watch list and given a Security Threat Group ("STG") classification (i.e. classified as a gang member).[1] Plaintiff filed a grievance on December 15, 2015, complaining of Hatley's decision and pointing out that he had held prison jobs, completed all assigned tasks, and had not been charged with any gang-related infraction since being placed on the watch list. (Copy of 12/15/15 Grievance, Doc. No. 1 at 16.)

On January 6. 2016, Plaintiff was informed by Defendant Hatley that he had been

---

[1] Plaintiff uses SRG and STG interchangeably in his Complaint and attachments to the Complaint.

1

"bumped up" to S.R.G. classification level III, with accompanying restrictions on visitation and phone-calls, among others things. (Compl. 7.) Plaintiff was informed that the reason for the increase in his security risk level was because of his "rank" in an STG. (Compl. 7.)

On January 19, 2016, Petitioner was charged with two infractions – attempting to possess cell phones and watches, and attempting to possess tobacco. (Compl. 8.) The charges were levied based upon allegations made by a confidential informant to Defendant Samantha Horne, identified as an SRG Officer at BCCI. (Compl. 8; Offense and Disc. Rpt., Doc. No. 1 at 22.) Defendant Benjamin A. Carver, identified as a Disciplinary Hearing Officer at Alexander Correctional Institution, presided over Plaintiff's January 29, 2016 disciplinary hearing. Defendant Carver found Plaintiff guilty of both infractions and punished him accordingly. (Compl. 8.)

Plaintiff claims that the increase in his SRG classification level was made in violation of his right to due process. (Compl. 9.) According to Plaintiff, SRG policy requires that for an inmate to be raised from a "watch list" to a security alert status, the inmate must have a pending gang-related infraction or "cluster" of gang-related infractions; Plaintiff asserts he had no pending infractions at the time his security classification was raised. (Compl. 7, 10.)

Plaintiff further claims that his security classification was raised in retaliation for filing the December 15, 2015 grievance and that the January 19, 2016 infractions were fabricated to legitimize the increase in his security status after the fact. (Compl. 10-13.) Finally, Plaintiff claims Defendant Carver violated his right to due process by depriving Plaintiff of information he requested at the disciplinary hearing that would have proved the infraction allegations to be false, and by finding Plaintiff guilty of both infractions although no evidence of guilt, other than the confidential informant's allegation, was presented at the hearing. (Compl. 12-13.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis,[2] the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Claims Raised

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; accord Meachum v. Fano, 427 U.S. 215, 223 (1976).

In order to determine whether a due process violation has occurred, an initial

---

[2] On July 7, 2017, the Clerk of Court entered an Order waiving payment of an initial partial filing fee and directing the prison facility where Plaintiff is housed to transmit partial payments until the full $350.00 filing fee is paid. (Doc. No. 5.)

determination must be made that a protected liberty interest exists and, if so, the next step is to define what process is mandated to protect it. See Sandin v. Conner, 515 U.S. 472, 484 (1995). In order to demonstrate a liberty interest meriting procedural due process protections, an inmate must show: "(1) denial of an interest that can arise either from the Constitution itself or from state laws or policies," and (2) "this denial imposed on him an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) (internal quotations omitted).

The Supreme Court has repeatedly held that a prisoner has no liberty interest under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'" (quoting Hewitt, 459 U.S. at 468)).

Here, Plaintiff does not allege any facts showing that the change in his security classification level poses "an atypical and significant hardship in relationship to the ordinary

4

incidents of prison life." Accordingly, he has failed to state a claim for relief under the due process clause based upon his change in classification.

Further, to the extent Plaintiff claims Defendants violated policy statements or regulations, he still fails to state a due process claim. State officials' failure to abide by state procedural regulations is not a federal due process issue, and is, therefore, not actionable under § 1983. See Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

The Court does find, however, that Plaintiff's claim that Defendants retaliated against him for filing a grievance by assigning him to the wrong custody classification and fabricating disciplinary infractions to justify the change, survives initial review. Prison officials may not take actions that violate an inmate's "First Amendment right to be free from retaliation for filing a grievance" under the prison's established grievance procedure. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533 (4th Cir. 2017). Here, Plaintiff's retaliation claim survives initial review as it is not clearly frivolous.

Additionally, Plaintiff's due process claims related to his disciplinary hearing survive initial review, as they arguably implicate procedural and substantive due process. In general, to satisfy procedural due process, a prisoner charged with a disciplinary infraction must be provided with: 1) advance written notice of the charges, 2) a hearing, 3) the ability to call witnesses and present evidence, when it is not inconsistent with institutional safety and concerns, and 4) a written decision. Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). Substantive due process is met if "some evidence supports the decision by the prison disciplinary board," which is satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be

deduced." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Again, Plaintiff's claims related to the disciplinary hearing process are not clearly frivolous.

### B. Dismissal of Certain Defendants

In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted)). Plaintiff does not allege any acts on the part of Defendants George Solomon, Christopher Rich, or Kenneth Diggs.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) survives initial review in accordance with the terms of this order;
2. The Clerk of Court shall terminate George Solomon, Christopher Rich, and Kenneth Diggs as defendants in this action;
3. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on the remaining defendants;
4. Plaintiff shall complete and return the summons forms to the Clerk of Court within 15 days of entrance of this Order;
5. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: November 13,

Frank D. Whitney
Chief United States District Judge