UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00337-FDW

| | | |
|---|---|---|
| KAREEM LOCKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GEORGE SOLOMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon pro se Plaintiff Kareem Locke's Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. George Solomon and Christopher Rich (Doc. No. 63), Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. Daniel Hatley (Doc. No. 64), and Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. Benjamin A. Carver (Doc. No. 65).

**I.     RELEVANT BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina. According to Plaintiff, he was placed on a North Carolina Department of Public Safety ("NCDPS") "watch list" for suspected gang membership and affiliation on August 3, 2009. (Compl. 7, Doc. No. 1.) Plaintiff alleges that on December 11, 2015, Daniel Hatley, identified as a Security Risk Group Intelligence Officer ("SRGIO") at Brown Creek Correctional Institution ("BCCI"), informed Plaintiff that he was going to recommend Plaintiff be taken off the watch list and given a Security Threat Group ("STG") level classification based on Plaintiff's membership in a gang.[1] Plaintiff filed a grievance on December 16, 2015, complaining of Hatley's decision. (Grievance # 3510-2015-

---

[1] The acronyms "STG" and "SRG" (Security Risk Group) are used interchangeably in the Complaint and other documents filed in this action.

1

5CDM-01231 (hereinafter "Grievance # 01231"), Doc. No. 1 at 16.)

On January 6, 2016, Hatley informed Plaintiff that he had been classified as STG Level III, with accompanying restrictions on visitation and phone-calls, among other things. Plaintiff alleges Hatley told him that he was classified as Level III because of his "rank" within the identified gang. (Compl. 7.)

On January 19, 2016, Plaintiff was charged with two infractions – attempting to possess cell phones and watches and attempting to possess tobacco. (Compl. 8.) The charges were levied based upon allegations purportedly made by a confidential informant to Defendant Samantha Horne, identified as an SRG Officer at BCCI. (Compl. 8; Off. and Disc. Rpt., Doc. No. 1 at 22.) Benjamin A. Carver, identified as a Disciplinary Hearing Officer ("DHO") at Alexander Correctional Institution, presided over Plaintiff's January 26, 2016 disciplinary hearing on the two infractions.[2] Carver found Plaintiff guilty of both infractions and punished him accordingly. (Compl. 8.)

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, on June 21, 2017, naming George Solomon, the NCDPS Director of Prisons when the incidents at issue in the Complaint occurred, Christopher Rich, identified by Plaintiff as the Deputy Head of the NCDPS SRG Office, Kenneth Diggs, identified by Plaintiff as the Assistant Superintendent of Custody at BCCI, Daniel Hatley, Benjamin Carver, and Samantha Horne as Defendants. The Court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed Solomon, Rich, and Diggs as Defendants because Petitioner had not alleged any acts on their part. (Initial Rev. Order 6, Doc. No. 7 (citing Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985)).)

---

[2] In previous Orders, the Court mistakenly stated the disciplinary hearing occurred on January 29, 2016.

The Court also dismissed Plaintiff's claim that the STG Level III classification and accompanying restrictions imposed upon him violated his due process rights. (Initial Rev. Order 4-5.) Subsequently, the Court granted Defendant Hatley judgment on the pleadings on the only remaining claim against him – that Hatley raised Plaintiff's security classification in retaliation for Plaintiff filing Grievance # 01231. (Doc. No. 32.) The Court also granted Defendant Carver summary judgment on Plaintiff's claims that Carver violated his right to procedural due process and to substantive due process in the administrative disciplinary proceedings ("ADP"). (Doc. No. 48.)

Plaintiff filed a combined motion to amend his § 1983 Complaint and to join Christopher Rich as a party. (Doc. No. 62.) The Court concluded that although he captioned the motion as one to amend, Plaintiff essentially sought reconsideration of the Court's prior ruling that the STG classification did not violate Plaintiff's right to due process. The Court denied the motion to amend and the motion to join Rich as a party. (Doc. No. 81.)

Concurrently with the combined Motion to Amend and Join Parties (Doc. No. 62), Plaintiff filed three motions to compel certain discovery. (Doc. Nos. 63-65.) Defendant Horne, the only remaining Defendant, has filed a Response opposing the motions (Doc. No. 70), and Plaintiff has filed a Reply (Doc. No. 71).

## II. DISCUSSION

District courts enjoy "considerable discretion in overseeing discovery . . . ." Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 172, 178 (4th Cir. 2014). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26 of the Federal Rules of Civil Procedure in two fundamental ways. First, the matter sought must be "relevant to any party's claim or defense," and second, discovery must be "proportional to the

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document. When discovery is sought from nonparties, however, its scope must be limited even more. Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 184 (4th Cir. 2019). Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

### A. Motions to Compel Discovery from George Solomon, Christopher Rich and Daniel Hatley

Plaintiff seeks Court-ordered subpoenas to compel Solomon and/or Rich to produce the following:

1. NCDPS written policy and procedures for custody level classifications and validation requirements for inmate considered a security threat and/or associates, members, or leaders of security threat (risk) groups; and

2. Documents and/or tangible evidence of "rank in a gang" that supported SRGIO Daniel Hatley's recommendation that Plaintiff be removed from the watch list and upgraded to SRG III status.

(Doc. No. 63). Plaintiff seeks Court-ordered subpoenas to compel Hatley to produce the following:

1. Documentation that describes and identifies the evidence Hatley relied upon to justify the 12/11/15 STG classification recommendation;

2. Documentation of the evidence relied upon on 1/6/16 to justify Plaintiff's upgrade from the watchlist to STG Level III classification;

3. Copies of Steps, 1, 2, and 3 responses to Plaintiff's Grievance # 3510-2015-5CDM-01231;

4. Proof of Hatley's SRGIO certification and date of certification;

4

5. Documents demonstrating whether Plaintiff had any pending infractions or was under investigation for any infractions on 1/6/16; and

6. Documents demonstrating whether it is policy/procedure to upgrade an inmate from the watch/associate list to SRG Level 3 absent a disciplinary infraction.

(Doc. No. 64.) Defendant Horne objects to the motions to compel because Solomon, Rich and Hatley are no longer parties to this action, and the Court dismissed the claim underlying Plaintiff's document requests – that Hatley violated Plaintiff's right to due process by elevating him to SRG 3 status – on initial review.

The only remaining claims in this civil rights action are that Defendant Samantha Horne fabricated disciplinary charges against Plaintiff to retaliate against him for filing Grievance # 01231 and to justify the increase in his STG classification after the fact. None of Plaintiff's discovery requests are relevant to either claim.[3] Therefore, Plaintiff's Motions to Compel discovery from George Solomon, Christopher Rich and Daniel Hatley will be denied.

B. **Motion to Compel Discovery from Benjamin Carver**

Plaintiff seeks court ordered subpoenas to compel Benjamin Carver to provide Plaintiff with the following:

1. The complete investigative report/file and disciplinary hearing report/file that established/provided a good faith investigation was conducted by the investigating officer that confirmed the credibility of the alleged confidential informant and that the information provided was authentic and not fabricated for the purpose of revenge/retaliation; and

2. The alleged physical evidence that is now documented and included in Benjamin A. Carver's Motion for Summary Judgment (5/21/18) (surveillance, phone records, confiscated contraband, corroborating testimony, etc.).

---

[3] In its Order on Defendants' Motion for Judgment on the Pleadings, the Court stated that "Plaintiff cannot prove any set of facts showing Defendants fabricated charges against him to justify the STG classification." See Order on J. on the Pleadings (Doc. No. 32) at 11.

(Doc. No. 65.) Defendant Horne objects to the motion to compel because Carver is no longer a defendant in this action, and the Court granted Carver summary judgment on Plaintiff's claims of procedural and substantive due process related to the ADP at issue.

With his Motion for Summary Judgment, Carver attached a complete copy of the record of Plaintiff's ADP, which included the investigating officer's report and the disciplinary hearing report. See Carver Aff. (Doc. No. 39-1) at ¶ 6; R. of ADP, Carver's Ex. Q (Doc. No. 39-3). Carver also provided an affidavit setting forth his actions in connection with the ADP. Plaintiff was provided copies of Carver's affidavit and the record of the ADP. See May 22, 2018 Cert. of Service (Doc. No. 40). Accordingly, his first discovery request has been met.

As for Plaintiff's second discovery request, Carver is no longer a party to this action. Furthermore, Plaintiff has not provided any reason to believe Carver, whose only role in the underlying events was as DHO, is in possession of any physical evidence connected to Plaintiff's January 26, 2016 ADP. Accordingly, Plaintiff's Motion to Compel discovery from Benjamin J. Carver will be denied.

      **IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. George Solomon and Christopher Rich (Doc. No. 63) is **DENIED**;

2. Plaintiff's Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. Daniel Hatley (Doc. No. 64) is **DENIED**; and

3. Plaintiff's Motion to Compel Production of Documents and Subpoena Duces Tecum re: Def. Benjamin A. Carver (Doc. No. 65) is **DENIED**.

**SO ORDERED.**

Signed: February 25,

Frank D. Whitney
Chief United States District Judge